1  GREENBERG TAURIG, LLP
   GREGORY F. HURLEY (SBN 126791)
2  E-mail: HurleyG@gtlaw.com
   JEANNE V. MCKEE (SBN 232950)
3  E-mail: Mckeej@gtlaw.com
   3161 Michelson Drive, Suite 1000
4  Irvine, California  92612
   Telephone:  949-732-6500
5  Facsimile:  949-732-6501

6
   Attorneys for Defendant
7  ANNA'S LINENS, INC.

8
   COHEN, STIMPERT & FORD, LLP
9  Robert M. Cohen, Esq. (70454)
   Daniel P. Stimpert, Esq. (147420)
10 Ian J. Ford, Esq. (180644)
   6380 Wilshire Blvd., Suite 850
11 Los Angeles, CA 90048
   (323) 782-6782
12

13 Attorneys for Defendant
   VALLEY PLAZA, LLC
14

15

16                    **UNITED STATES DISTRICT COURT**

17                    **CENTRAL DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19  DARRYL EVERSOLE, | CASE NO. CV 07-5990 GW (JCx) |
| 20           Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| 21  vs. | |
| 22  | |
| 23  VALLEY PLAZA, LLC, A Delaware Limited Liability Company; ANNA'S LINENS, INC., a Delaware Corporation; and DOES 1 through 100, Inclusive, | Hon. George H. Wu<br>Date:      August 11, 2008<br>Time:      8:30 a.m.<br>Courtroom: 10 |
| 24 | |
| 25 | |
| 26 | Trial:     September 16, 2008 |
| 27           Defendants. | |
| 28 | |

*OC 286,287,346v1 7-28-08*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................... 1

II. FACTS ................................................................................................................. 1

   A. Plaintiff's Claims ........................................................................................ 1

   B. The Parking Area at the Subject Property .................................................. 2

   C. Plaintiff's Failure To Satisfy Local Rule 7-3 .............................................. 4

III. ARGUMENT ....................................................................................................... 4

   A. Legal Standard ............................................................................................ 4

   B. Because Plaintiff Did Not Meet The Requirements For Summary Judgment Motions, The Court Should Deny His Motion ............................ 5

      1. Plaintiff did not comply with Central District Local Rule 7-3 ............. 5

      2. Plaintiff failed to comply with Central District Local Rule 56-1 ........ 6

   C. The "Architectural Barriers" Alleged by Plaintiff Did Not Exist .............. 7

      1. The parking area serving the Store had a sufficient number of ADA accessible parking spaces ...................................................................... 7

      2. The accessible parking spaces were appropriately dispersed and located closest to the entrances of the businesses that the parking area serves ........................... 8

      3. The path of travel from the parking ramp to the Store is compliant .... 10

   D. Because Plaintiff's ADA Claim Is Moot, The Court Should Dismiss Plaintiff's The Claim For Lack Of Subject Matter Jurisdiction ................. 11

   E. If Plaintiff's Federal Claim is Dismissed, His State Law Claims Should Also Be Dismissed ..................................................................................... 12

IV. CONCLUSION .................................................................................................. 14

i

# TABLE OF AUTHORITIES

**Cases**     **Page**

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988) .................................................................................. 13

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................... 5

*First Nat'l Bank of Ariz. v. Cities Service Co.*,
   391 U.S. 253 (1968) .................................................................................... 5

*Friends of the Earth, Inc. v. Laidlaw Envir. Services*,
   528 U.S. 167 (2000) ............................................................................ 11, 12

*Johnson v. Kriplani*,
   2008 WL 2620378 (E.D. Cal. 2008) ......................................................... 10

*Lujan v. Defenders of the Wildlife*,
   504 U.S. 555 (1992) .................................................................................... 1

*Martinez v. Home Depot USA, Inc.*
   2007 WL 926808 (E.D.Cal.,2007) ............................................................ 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) .................................................................................... 5

*Morton Intern., Inc. v. Cardinal Chemical Co.*,
   967 F.2d 1571 (Fed.Cir. 1992) .................................................................. 11

*Orr v. Bank of America NT & SA*,
   285 F.3d 764 (9th Cir. 2002) ....................................................................... 6

*Parr v. L&L Drive-Inn Restaurant*,
   96 F. Supp. 2d 1065 (D. Haw. 2000) ................................................... 11, 12

*Patel v. Penman*,
   103 F.3d 868 (9th Cir. 1996) ..................................................................... 12

*Pickern v. Best Western Cove Lodge Marina Resort,*
 194 F. Supp. 2d 1128 (E.D. Cal. 2002) .................................................................. 11, 12

*Powell v. McCormack,*
 395 U.S. 486 (1969) ...................................................................................................... 11

*U.D. ex rel. Oliver v. The Parsons Corp.,*
 498 F. Supp. 2d 1260 (C.D. Cal. 2006) ......................................................................... 6

*Wander v. Kaus,*
 304 F.3d 856 (9th Cir. 2002) ........................................................................... 11, 13, 14

*Wilson v. Pier 1 Imports (US), Inc.,*
 439 F. Supp. 2d 1054 (E.D. Cal. 2006) .................................................................. 5, 10

**Federal Rules**

Federal Rule of Civil Procedure 56 .................................................................................. 6

Federal Rule of Civil Procedure 56(c) ............................................................................. 4

Federal Rule of Civil Procedure 65 ................................................................................ 12

**Federal Statutes**

28 U.S.C. § 1367(c) ......................................................................................................... 12

28 U.S.C. § 1367(c)(3) .................................................................................................... 13

42 U.S.C. § 12182(a) ....................................................................................................... 10

42 U.S.C. § 12188(a)(1) .................................................................................................. 11

42 U.S.C. § 2000a-3(A) .................................................................................................. 11

**State Statutes**

California Disabled Persons Act ............................................................................. 13, 14

Unruh Civil Rights Act .................................................................................................. 14

**Regulations**

ADAAG ................................................................................................................ 7, 8, 12

ADAAG, § 3.5 ............................................................................................................. 10

ADAAG, § 4.1.2(5)(a) ................................................................................................... 8

ADAAG, § 4.1.2(5)(b) ................................................................................................... 8

ADAAG, § 4.6.2 ........................................................................................................ 8, 9

C.F.R. § 36.403(e)(1) .................................................................................................. 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Motion for Summary Judgment (the "Motion") of Plaintiff Darryl Eversole ("Plaintiff") against Defendants Valley Plaza, LLC ("Valley Plaza") and Anna's Linens, Inc. ("Anna's Linens") (Valley Plaza and Anna's Linens are collectively referred to as "Defendants") should be denied for at least three reasons.

First, by failing to meet and confer with Defendants regarding his intent to file the Motion and by failing to file a Separate Statement of Uncontroverted Facts and Conclusions of Law, Plaintiff has not met the procedural requirements for bringing a summary judgment motion. The Court should deny the Motion for this reason alone.

Second, there was and is a sufficient number of accessible and van accessible parking spaces for the parking area serving the Anna's Linens store (the "Store"), and thus the "architectural barrier" of which Plaintiff complains did not exist.

Third, although not required to do so under the Americans with Disabilities Act (the "ADA"), Valley Plaza has already voluntarily completed the remedial measures requested by Plaintiff. The alleged "architectural barrier" that Plaintiff complains of has thus been resolved and does not exist at the Store today. Plaintiff's ADA claim must therefore be dismissed because Plaintiff consequently lacks standing given the mootness of his federal claim. *See Lujan v. Defenders of the Wildlife*, 504 U.S. 555, 560, 561 (1992). Because there would no longer be any pending question of federal law, nor is there diversity of parties, the Court may – and should – decline to exercise supplemental jurisdiction and dismiss Plaintiffs' three state law claims without prejudice.

For all these reasons, the Court should deny Plaintiff's Motion in its entirety.

## II.   FACTS

**A.   Plaintiff's Claims**

Plaintiff filed this action on August 10, 2007. Plaintiff alleges that he is a disabled individual, who uses crutches (and other devices) in order to walk. (Complaint, ¶ 1.) Plaintiff claims that on July 10, 2007, he entered and patronized the Store located at

1

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT              Case No. CV 07-5990 GW (JCx)
OC 286,287,346v1 7-28-08

12201 Victory Boulevard, North Hollywood, California (the "Subject Property"). (Complaint, ¶¶ 2, 5.)  Plaintiff also alleges that on that day "there was a lack of sufficient numbers of van accessible and disabled accessible parking." (Complaint, ¶ 6.)  Plaintiff argues that "two accessible parking spaces required for Anna's Linens must be the closest parking spaces to the front entrance." (Plaintiff's Memorandum of Points and Authorities: Summary Judgment ["Motion"], p. 6:15-16.)  Plaintiff's state law claims are wholly predicated on a violation of the ADA.  (Motion, p. 8:14-16.)

**B.    The Parking Area at the Subject Property**

Valley Plaza owns the Subject Property, upon which exists the buildings occupied by Anna's Linens and another business, Teletech, and the outdoor parking area. (Defendants' Material Facts in Statement of Genuine Issues ["DMF"] 5).  The Store and the Teletech building are adjacent to one another and share a common wall.  (DMF 1.) The Store is approximately 14,000 square feet; the Teletech building is approximately 98,000 square feet.  (DMF 2.)

The Store and the Teletech building are part of a general, larger shopping center commonly known as the Valley Plaza (the "VP Shopping Center").  (DMF 3.)  The VP Shopping Center also includes other businesses and stores located on the four corner blocks where Bellingham Avenue and Victory Boulevard intersect.  (DMF 4.)  Although Valley Plaza owns the Store and the Teletech building, it does not own the other buildings in the VP Shopping Center.  (DMF 5.)

Valley Plaza is a member of an owners' association, Valley Plaza Improvement Association, which owns the four-story parking ramp adjacent to the Store and immediately in front of the Teletech building.  (DMF 6.)  On July 10, 2007, the customers of Anna's Linens and Teletech had access to and could park for free anywhere in the parking ramp.  (DMF 7.)  The parking ramp is also available for the customers of the other members of the association, including but not limited to, the approximately five (5) businesses on the other side of Bellingham Avenue.  (DMF 8.)  The parking ramp houses 817 parking spaces which are free to the public, of which eighteen (18) are

disabled-accessible, and of those three (3) are van accessible. (DMF 9.) The pedestrian exit of the parking ramp is within a direct line of sight with the Store's front door. (DMF 10.) There is no charge to park in the parking ramp, no gates, arms or barriers of any kind. (DMF 11.)

The accessible parking spaces contained in the parking ramp are dispersed so as to be closest to the accessible entrances of each of the businesses and stores which the parking ramp serves. (DMF 12.) Approximately thirteen (13) of the accessible parking spaces in the parking ramp are located along the entire first row closest to the Teletech building and the Store. (DMF 13.) The remaining accessible parking spaces are located on the opposite end of the parking ramp, toward the corner of Hamlin Street and Bellingham Avenue. (DMF 13.)

There is a continuous, unobstructed path clearly exceeding thirty-six (36) inches from the pedestrian exit of the parking ramp to the Store's front door, via the parking area immediately in front of the Store. (DMF 14.) As this path of travel cuts diagonally across the parking lot, it is much closer and more direct than traveling along the sidewalk south to the corner of the Teletech building, and then turning the corner and following the sidewalk to the Store's front door. (DMF 15.)

On July 10, 2007, patrons of the Store had available to them both the outdoor parking area and the parking ramp, a total of approximately 930 parking spaces. Of those spaces, there was on van accessible parking space in front of the Store and 18 accessible parking spaces in the parking ramp, three of which were van accessible, for a grand total of 19 accessible spaces, four of which were van accessible. (DMF 16.)

In February 2008 Valley Plaza caused to be installed an additional accessible parking space in front of the Store and adjacent to the existing van accessible parking space, bringing the total number of accessible parking spaces to 20, four of which are van accessible. (DMF 17.)

## C. Plaintiff's Failure To Satisfy Local Rule 7-3

Plaintiff alleges that "Plaintiff's attorney met and conferred with defense counsel at the Mandatory Settlement Conference on February 21, 2008 over the plan to file this summary judgment motion and the parties announced both the intention and the hearing date at the Post-Mediation Status Conference on June 30, 2008 and, therefore, there has been fully compliance [*sic*] with the meet and confer requirement of Local Rule 7-3." (Notice of Motion for Summary Judgment, p. 2:8-12.)

The mandatory settlement conference was actually held on February 12, 2008, not February 21, 2008. (DMF 18.) Counsel for Anna's Linens and Valley Plaza was present at this conference. (Declaration of Daniel P. Stimpert, ¶ 4; Declaration of Jeanne V. McKee ["McKee Decl."], ¶ 3.) Mark Potter was not present; instead, Raymond Ballister, Jr., a contract attorney for Mr. Potter, was present with Plaintiff. (DMF 18.) At the Mandatory Settlement Conference, no one discussed bringing a motion for summary judgment in this matter. (DMF 19.)

At the post-mediation status conference on June 30, 2008, counsel for Anna's Linens appeared on behalf of Anna's Linens and Valley Plaza. (McKee Decl., ¶ 4.) Mr. Ballister again appeared for Plaintiff; Mr. Potter was not present. (DMF 20.) Counsel for Anna's Linens stated that Defendants were going to file a motion for summary judgment and had already reserved a hearing date for it. (McKee Decl., ¶ 4.) At no time during the conference or during the discussion afterwards between counsel for Anna's Linens and Mr. Ballister did Mr. Ballister inform Defendants that Plaintiff was intending to file his own summary judgment motion. (DMF 21.)

## III.   ARGUMENT

### A. Legal Standard

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, that burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In establishing the existence of a factual dispute, the opposing party does not have to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 290 (1968). The opposing party's evidence is to be believed, "and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party." *Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp. 2d. 1054, 1062-1063 (E.D. Cal 2006).

**B.**   **Because Plaintiff Did Not Meet The Requirements For Summary Judgment Motions, The Court Should Deny His Motion**

**1.**   *Plaintiff did not comply with Central District Local Rule 7-3.*

Pursuant to Central District Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person,* the substance of the contemplated motion and any potential resolution." Plaintiff's counsel did not comply with this rule.

Although Mark Potter, counsel for Plaintiff, states that Local Rule 7-3 was satisfied at the Mandatory Settlement Conference and Post-Mediation Status Conference (Notice, p. 2:8-12), he was not present at either conference and has no personal knowledge of those discussions (DMF 18, 20). Counsel for Valley Plaza and counsel for Anna's Linens were both present at the Mandatory Settlement Conference, and Raymond Ballister, Jr., attended on behalf of Plaintiff. (DMF 18.) There, the subject of a motion for summary judgment by Plaintiff was never discussed. (DMF 19.) At the post-

mediation status conference on June 30, 2008, for which Mr. Potter was not present, counsel for Anna's Linens stated that Defendants were going to file a motion for summary judgment and had already reserved a hearing date for it. (DMF 20.) Mr. Ballister appeared on behalf of Plaintiff, but at no time during the conference or during his discussion afterwards with counsel for Anna's Linens did Mr. Ballister inform Defendants that Plaintiff intended to file his own summary judgment motion. (DMF 21.)

### 2. *Plaintiff failed to comply with Central District Local Rule 56-1.*

Central District Local Rule 56-1 requires the moving party to serve and lodge "with each notice of motion for summary judgment pursuant to F.R.Civ.P. 56 a proposed 'Statement of Uncontroverted Facts and Conclusions of Law' and the proposed judgment. Such proposed statement shall set forth the material facts as to which the moving party contends there is no genuine issue." The moving party's failure to provide a sufficient statement of uncontroverted facts is a ground in and of itself for denial of the motion. *See Orr v. Bank of America NT & SA*, 285 F.3d 764, 774-775 (9th Cir. 2002) (failure to cite page and line number of deposition testimony in separate statement "warrants exclusion of the evidence"); *U.D. ex rel. Oliver v. The Parsons Corp.*, 498 F. Supp. 2d 1260, 1264 (C.D. Cal. 2006) (moving party made "no effort whatsoever to clearly set forth only the material *facts*"; uncontroverted facts disregarded where they were not supported by admissible evidence or were based on evidence that the Court could not locate). Accordingly, where the moving party fails to properly set forth in a Statement of Uncontroverted facts the evidence supporting its summary judgment motion, the Court can—and indeed should—refuse to consider the evidence and disregard those facts.

Here, Plaintiff's shortcomings are much more egregious. This is not simply a case where Plaintiff failed to cite to the specific portions of the documentary evidence in his statement of uncontroverted facts, nor is this a situation where Plaintiff merely failed to clearly set forth only the material facts supporting his Motion. As discussed above, both scenarios are grounds for the Court to disregard the proffered evidence. But, here,

Plaintiff did not even attempt to file a statement of uncontroverted facts to support his Motion. By failing to do so, Plaintiff is forcing Defendants to aimlessly oppose his Motion without the benefit of knowing which facts Plaintiff asserts as material and the evidence upon which he bases these assertions. And Plaintiff is essentially asking the Court to consider the entire contents of his pleadings and supporting papers, to decide for itself the materiality of the facts, and to identify the corresponding evidence supporting those facts.

Because Plaintiff has failed to follow the procedural requirements for summary judgment motions, this Court should refuse to consider Plaintiff's evidence and deny the Motion in its entirety.

**C.   The "Architectural Barriers" Alleged by Plaintiff Did Not Exist**

Plaintiff's Motion fails for substantive grounds as well, as there was a sufficient number of accessible parking spaces that were appropriately dispersed closest to the entrances of the buildings served by the parking area.

> **1.   *The parking area serving the Store had a sufficient number of ADA accessible parking spaces.***

Plaintiff argues that only the parking spaces marked "Anna's Linens" should be counted toward determining the minimum number of accessible parking spaces, and that the accessible parking spaces in the parking ramp cannot be taken into consideration. (Motion, p. 6:9-12.) Based on this premise, Plaintiff contends that there must be at least two accessible parking spaces, one of which must be van accessible, in front of the Store. (*Id.*, p. 6:15-16.)

But there are many more parking spaces—approximately 885 more—available to Anna's Linens customers. (DMF 16.) These additional parking spaces are located in the same parking area as the "Anna's Linens" parking spaces, and are not separated or broken up by any other buildings. The ADA Accessibility Guidelines (the "ADAAG") provide that, "[i]f parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with 4.6 shall be provided in each such parking

area in conformance with the table below." ADAAG, § 4.1.2(5)(a). Plaintiff does not cite to any authority providing that these additional parking spaces should be excluded. Accordingly, all 930 parking spaces in the parking area should count toward determining the minimum number of required accessible parking spaces.

For a parking area that contains between 501 and 1,000 parking spaces, section 4.1.2(5)(a) of the ADAAG requires at least 2 percent of the total parking to be accessible parking spaces. One in every eight accessible parking spaces must be van accessible. ADAAG, § 4.1.2(5)(b). For a parking area with 930 parking spaces, there must be 19 accessible parking spaces, three of which must be van accessible. (*Id.*) On July 10, 2007, the parking area included 19 accessible parking spaces, four of which were van accessible. (DMF 16.) Thus, there was a sufficient number of accessible parking spaces in the parking area serving the Store, as required by the ADA.

### 2. *The accessible parking spaces were appropriately dispersed and located closest to the entrances of the businesses that the parking area serves.*

The ADAAG also provides guidance as to the location of the accessible parking spaces:

> Accessible parking spaces serving a particular building shall be located on shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. **In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances**.

ADAAG, § 4.6.2 (emphasis added).

Here, the parking area serves multiple stores and businesses of the VP Shopping Center, with multiple accessible entrances. (DMF 3.) The stores and businesses having rights to the parking ramp include, but are not limited to, Anna's Linens and Teletech

8

(DMF 7), as well as the approximately five (5) businesses on the other side of Bellingham Avenue (DMF 8). There is no charge to park in the parking ramp, no gates, arms or barriers of any kind. (DMF 11.)

The accessible parking spaces contained in the parking ramp are dispersed so as to be closest to the accessible entrances of each of the businesses and stores which the parking ramp serves. (DMF 12.) In addition to the van accessible parking space in front of the Store, approximately thirteen (13) of the accessible parking spaces in the parking ramp are located along the entire first row closest to the Teletech building and the Store. (DMF 13.) The pedestrian exit of the parking ramp is within a direct line of sight with the Store's front door. (DMF 10.) The remaining accessible parking spaces are located on the opposite end of the parking ramp, toward the corner of Hamlin Street and Bellingham Avenue. (DMF 13.)

Plaintiff complains that there should be more accessible parking spaces directly in front of the Store, but for buildings with multiple accessible entrances, the spaces are required only to be "***dispersed*** and located closest to the accessible entrances." ADAAG, § 4.6.2 (emphasis added). There is no provision—and Plaintiff has not cited to any—regarding the minimum number or percentage of accessible spaces that must be dispersed at each accessible entrance. Indeed, it makes sense to have the majority of accessible spaces in the parking ramp. The Teletech building is considerably larger than the Store, approximately 98,000 square feet compared to the Store's approximately 14,000 square feet. (DMF 2.) And the parking ramp, which is within a direct line of sight to the Store's front door, has the added convenience of protecting the vehicle and its driver from the elements.

Plaintiff also contends that none of the accessible parking spaces are located on the shortest accessible path of travel to the businesses east of Bellingham Avenue and/or his doctor's office, which he regularly frequents, and that the closest accessible parking spaces are located too far away in the parking ramp. (Motion, pp. 6:20-7:2, 8:1-3.) But whether these other businesses or Plaintiff's doctor's office are compliant with the ADA

9

is irrelevant to the instant action.  Valley Plaza does not own the land east of Bellingham and is not at all connected to the ownership, control, or operation of Plaintiff's doctor's office.  (DMF 5.)  Anna's Linens, of course, has no association with these other businesses or Plaintiff's doctor office.  Defendants thus cannot be held responsible for any alleged accessibility issues regarding a neighboring facility that they do not own, lease, control, or operate.  *See* 42 U.S.C. § 12182(a) (discrimination prohibited against "any person who owns, leases (or leases to), or operates a place of public accommodation").  If Plaintiff takes issue with the parking for his doctor's office, he should seek relief from his doctor and his or her landlord.

### 3. *The path of travel from the parking ramp to the Store is compliant.*

Contrary to Plaintiff's claim that "there is no wheelchair accessible path of travel from the parking structure to the entrance of the Anna's Linens" (Motion, p. 1:23-25), there is indeed an accessible route.

An accessible route is "[a] continuous unobstructed path connecting all accessible elements and spaces of a building or facility."  ADAAG, § 3.5; *see also Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp. 2d 1054, 1071 (E.D. Cal. 2006); *Johnson v. Kriplani*, 2008 WL 2620378, *5 (E.D. Cal. 2008).  There is no such requirement that the path of travel "be a separate route other than via the parking lot."  *Wilson*, *supra*, 439 F. Supp. 2d at 1071; *see also Johnson*, *supra*, 2008 WL 2620378, *5 (noting that C.F.R. § 36.403(e)(1) defines "path of travel" as "a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and *parking areas*), an entrance to the facility, and other parts of the facility").

In the present action, there was and still is a continuous, unobstructed path clearly exceeding thirty-six (36) inches from the pedestrian exit of the parking ramp to the Store's front door, via the parking area immediately in front of the Store.  (DMF 14.)  As this path of travel cuts diagonally across the parking area, it is much closer and more direct than the path of travel considered by Plaintiff along the sidewalk south to the

10

corner of the Teletech building, and then turning the corner and following the sidewalk to the Store's front entrance. (DMF 15.) This route via the parking area accordingly satisfies the path of travel requirement under the ADA.

### D.   Because Plaintiff's ADA Claim Is Moot, The Court Should Dismiss Plaintiff's The Claim For Lack Of Subject Matter Jurisdiction

Notwithstanding the fact that there was no violation of the parking area in the first place, the issue has been rendered moot by Valley Plaza's voluntary efforts of adding an additional accessible parking space in front of the Store. Because there is no further injunctive relief requested by or available to Plaintiff, there is no pending federal question of law and no need for the Court to determine whether a violation existed at all.

"Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*." *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000). When a case has lost its character as a present, live controversy it becomes moot. *See, Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also, Parr,* 96 F.Supp.2d at 1087. Further, when the court cannot grant the plaintiff effective relief – when the case has become moot – federal courts cannot exercise jurisdiction. *See, Parr,* 96 F.Supp.2d at 1087. "If an issue is moot in [the] sense" that it "no longer presents an actual case or controversy," then "<u>a court has no discretion but must dismiss for lack of jurisdiction</u>." *Morton Intern., Inc. v. Cardinal Chemical Co.*, 967 F.2d 1571, 1574 (Fed.Cir. 1992) (emphasis added).

The issue of federal law in the present case arises under Title III of the ADA. The Court, pursuant to that statute, can only award Plaintiff injunctive relief, not damages. *See,* 42 U.S.C. § 12188(a)(1); 42 U.S.C. § 2000a-3(A); *see also Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002). Because only injunctive relief may be granted, once Plaintiff has received everything a court could order, his claims are moot.

It is well established that, generally, a defendant's remedial, corrective or compliance efforts will render a plaintiff's ADA claim for injunctive relief moot. *Pickern v. Best Western Cove Lodge Marina Resort,* 194 F. Supp. 2d 1128, 1130 (E.D.

11

Cal. 2002); *see also, Friends of the Earth, Inc. v. Laidlaw Envir. Services,* 528 U.S. 167, 190 (2000) (a claim for injunctive relief is moot if "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur.")

Demands for injunctive relief must be stated with particularity pursuant to Fed. R. Civ. P. 65. Plaintiffs has had ample time to conduct discovery, retain an expert, and specify the injunctive relief sought. Plaintiff has identified only one issue subject to injunctive relief, namely an insufficient number of accessible parking spaces. (Complaint, ¶ 6.) And Plaintiff has stated that the specific injunctive relief to be undertaken is the installation of an additional accessible parking space in front of the Store. (Motion, p. 6:15-16.)

The injunctive relief as to the alleged barrier that Plaintiff seeks under the ADA cannot be granted because it not only was already in compliance with the ADAAG, but has also been modified to assuage Plaintiff's demands. In February 2008, Valley Plaza installed a second accessible parking space in front of the Store, and adjacent to the existing van accessible parking space. (DMF 17.) Consequently, Plaintiff's request for injunctive relief has been satisfied and there is no cognizable danger of Defendants repeating any of the alleged ADA violations in the future. Correspondingly, all of Plaintiff's demands for injunctive relief, as stated above, have been satisfied and rendered nugatory and, therefore, should be dismissed as moot. See, *e.g.*, *Parr*, 96 F.Supp.2d at 1087 (remediated architectural barriers mooted plaintiff's claims); *Pickern*, 194 F.Supp.2d at 1130 (removal of architectural barriers renders ADA claim moot).

E. **If Plaintiff's Federal Claim is Dismissed, His State Law Claims Should Also Be Dismissed**

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over state law claims "if [*inter alia*]. . . the court has dismissed all the original-jurisdiction claims." *Patel v. Penman*, 103 F.3d 868, 877 (9th Cir. 1996). If this court grants summary judgment on Plaintiffs' ADA claim, there will be no original jurisdiction claims remaining.

The law is clear: "The district courts may decline to exercise supplemental jurisdiction over a claim. . . if. . . the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3).  Indeed, as the Supreme Court has written:

> <u>in the usual case in which all federal-law claims are eliminated before trial, the balance of factors</u> to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – <u>will point toward declining to exercise jurisdiction over the remaining state-law claims</u>.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (emphasis added).

Plaintiff's sole claim grounded in federal law is the ADA claim.  Should the Court dismiss Plaintiff's ADA claim, the Court may decline to exercise supplemental jurisdiction over the companion state law claims.  *See,* 28 U.S.C. § 1367(c)(3).

The Ninth Circuit has given guidance on this issue in a case on all fours with the present one.  In *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002), plaintiff brought claims for injunctive relief under Title III of the ADA and for damages under the California Disabled Person's Act.  Plaintiff's claims for injunctive relief under the ADA became moot.  Defendants sought the dismissal of the federal claim, and also sought the dismissal of the claim under the California statute, without prejudice.  The district court agreed, dismissing the ADA claim as moot and dismissing the state claims without prejudice by declining to exercise supplemental jurisdiction.

The Ninth Circuit affirmed.  It wrote:

> "We hold today that there is no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law.  Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.  <u>To exercise federal-question

> jurisdiction in these circumstances would circumvent the intent of Congress."

*Id.* at 857.

And California District Courts have readily agreed with such an approach. *See*, *e.g. Martinez v. Home Depot USA, Inc.* 2007 WL 926808, * 6 (E.D.Cal.,2007) (dismissing all of the plaintiff's state claims, including claims for violation of the Unruh Civil Rights Act and the California Disabled Persons Act, "since none of the alleged ADA violations survive Home Depot's summary judgment motion, the action is now bereft of any federal claim."). Upon dismissing Plaintiff's ADA claim, the Court possesses the discretion to, and should, dismiss Plaintiff's companion state law claims without prejudice for lack of subject matter jurisdiction as the Ninth Circuit has suggested.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for summary judgment in its entirety.

DATED: July 28, 2008            GREENBERG TRAURIG, LLP


                                By /s/ Jeanne V. McKee
                                GREGORY F. HURLEY
                                JEANNE V. MCKEE
                                Attorneys for Defendant
                                ANNA'S LINENS, INC


DATED: July 28, 2008            COHEN, STIMPERT & FORD, LLP


                                By /s/ Daniel P. Stimpert
                                DANIEL P. STIMPERT
                                Attorneys for Defendant
                                VALLEY PLAZA, LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, CA 92612.

On the below date, I served the **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the United States District Court for the Central District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Mark D. Potter, Esq.
Center for Disability Access, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
Tel: 760-480-4162

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2008, at Irvine, California.

/s/ Jeanne V. McKee
Jeanne V. McKee