UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | CV 07-5990-GW(JCx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | Darryl Eversole v. Valley Plaza LLC et al | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez/Andrea Keifer | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Russell Handy

Attorneys Present for Defendants:

Jeanne U. McKee
Daniel Stimpert

**PROCEEDINGS:** **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (filed 07/21/08)**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION (filed 07/21/08)**

The tentative circulated is adopted as the Court's final ruling (attached). The matter is remanded back to Superior Court, State of California, City of Los Angeles (BC045474).

IT IS SO ORDERED.

: 01

Initials of Preparer   JG/ALK

<u>Eversole v. Valley Plaza, LLC, et al.</u>, Case No. CV-07-5990

I. BACKGROUND

      Plaintiff's Complaint was filed in state court on August 10, 2007, and was removed to federal court on September 14, 2007, on the basis of federal question jurisdiction. The parties filed cross-motions for summary judgment on July 21, 2008. Defendants' opposition was filed on July 28, 2008. Plaintiff's opposition was filed one day late, on July 29, 2008.[1] Reply briefs were filed on August 3 and 4, 2008.

      Plaintiff, Darryl Eversole ("Eversole" or "Plaintiff") asserts that he has physical disabilities resulting from post polio syndrome and psoriatic arthritis. (Compl. ¶ 1). He requires platform shoes, leg braces, and crutches in order to walk. <u>Id.</u> Defendant Anna's Linens, Inc. ("Anna's Linens") owns and operates the Anna's Linens Store (the "Store") located at 12201 Victory Blvd., North Hollywood, California (the "Subject Property"). <u>Id.</u> at ¶ 2. Defendant Valley Plaza, LLC ("Valley Plaza" together with Anna's Linens, "Defendants") owns the Subject Property. <u>See id.</u>

      The Subject Property consists of a building occupied by the Store, a building occupied by another business, Teletech, and an outdoor parking area. <u>See</u> Defendants' Separate Statement of Uncontroverted Material Facts and Conclusions of Law in Support of Its Motion for Summary Judgment ("DSS") No. 12.[2] The Store and the Teletech building are both part of a larger shopping area known as the Valley Plaza (the "VP Shopping Center"). <u>See</u> Defendants' Statement of Genuine Issues in Opposition to Plaintiff's Motion for Summary Judgment ("DMF") No. 3. The VP Shopping Center also includes other businesses and stores located on the four corners of the intersection of Bellingham Avenue and Victory Blvd. in North Hollywood. DMF No. 4. Valley Plaza does not own any of the other buildings in the VP Shopping Center besides the Subject Property. DMF No. 5.

      Eversole states that when he shopped and made purchases at the Store on July 10, 2007, he encountered various violations of the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("ADAAG"), 28 C.F.R. § 36 App. A, and violations of Title 24 of the California Code of Regulations. The only such violation that is expressly mentioned in Plaintiff's Complaint is a lack of adequate "van accessible"

---

[1] In their Reply, Defendants ask the Court to "deem the lack of such a timely filing as consent to the granting of the motion and disregard the papers entirely." There is no indication that Defendants have been prejudiced by the late filing. The Court will exercise its discretion to accept and consider Plaintiff's opposition.

      Finally, Defendants note that Plaintiff failed to file a statement of uncontroverted facts in support of his Motion as required by Local Rule 56-1. (Plaintiff's statement of uncontroverted facts was belatedly filed with his Reply, on August 4, 2008). Defendants also dispute Plaintiff's contention that he complied with Local Rule 7-3 with respect to his motion for summary judgment. In light of the Court's ruling on Defendants' motion summary judgment with respect to Plaintiff's ADA claim, the Court will exercise its discretion to excuse these purported defects and will consider all of Plaintiff's papers filed in connection with both motions in making its ruling.

[2] In Plaintiff's Statement of Genuine Issues in Opposition to Defense Motion for Summary Judgment, he states that "Plaintiff agrees with all the defense statements of undisputed facts except for facts 8 and 11."

1

and "disabled accessible" parking. See id. at ¶ 6. In his Complaint, Plaintiff seeks damages and injunctive relief for (1) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., (2) the Unruh Civil Rights Act, Cal Civ. Code § 51, (3) the California Disabled Persons Act ("CDPA"), Cal Civ. Code § 54, and (4) negligence.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact as to any claim on which it seeks summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, summary judgment must be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587(1986) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's ADA Claim

Title III of the ADA imposes liability upon "any person who owns, leases (or leases to), or operates a place of public accommodation" that discriminates against an individual on the basis of disability. 42 U.S.C. § 12182. Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1043 (9th Cir. 2008). The only remedies available to a private plaintiff under the ADA are injunctive relief and attorneys' fees. See 42 U.S.C. § 12188(a)(1); 28 C.F.R. §§ 36.501, 36.505.

The Ninth Circuit has held that where a disabled person has Article III standing to bring a claim under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim. "This list of barriers would then in total constitute the factual underpinnings of a single legal injury, namely, the failure to remove architectural barriers in violation of the ADA, which failure actually harmed the disabled person by deterring that disabled person from visiting a facility that otherwise would have been visited at a definite future time, yielding Article III standing." Doran, 524 F.3d at 1043-1044.

### 1. Plaintiff does not dispute that there is no longer a lack of accessible parking for Anna's Linens.

Notwithstanding Defendants' contention that, on July 10, 2007, the parking spaces available to Anna's Linens patrons fully complied with the requirements of the ADA, Defendants' primary argument in their motion is based on mootness. The question of mootness goes to the court's subject matter jurisdiction over Plaintiff's claims. See Sherman v. United States Parole Comm'n, 502 F.3d 869, 871-872 (9th Cir. 2007). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999) (quoting Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999), cert. denied, 530 U.S. 1261 (2000). Because the question of mootness is one of subject matter jurisdiction, the mootness argument must be resolved before any question on the merits.

Questions as to Article III standing or mootness may be raised at any time by the parties or sua sponte by the court. Barilla v. Ervin, 886 F.2d 1514,1519 (9th Cir. 1989). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (citation and internal quotes omitted). "[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can by any effective relief." West v. Sectretary of Dept. of Transp., 206 F.3d 920, 925 (9th Cir. 2000). A defendant's remedial, corrective, or compliance efforts will generally render a plaintiff's ADA claim moot. See, e.g., Pickern v. Best Western Cove Lodge Marina Resort, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002) (removal of architectural barriers renders ADA claim moot); Parr v. L&L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1087 (D. Haw. 2000) (dismissing ADA claims that had been remediated). See also Independent Living Resources v. Oregon Arena Corp., 982 F.Supp. 698, 771 (D. Or. 1997) ("If plaintiffs already have received everything to which they would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that these plaintiffs will again be subjected to the same alleged wrongful conduct by this defendant.").

Plaintiff's expert has opined that the action required to render the parking area compliant with the ADA is the addition of one standard accessible parking space in front of the store. (Declaration of Paul Bishop ("Bishop Decl.") ¶ 6). It is undisputed that, on February 2008, Valley Plaza had an additional accessible parking space installed in front of the Store, adjacent to a previously existing van-accessible parking space. See DSS at Nos. 13-14. No further injunctive relied could be ordered with respect to this supposed violation. Because the ADA only provides for injunctive relief, Plaintiff no longer has standing to assert an ADA claim.

### 2. Plaintiff's expert's report raises new claims about a lack of accessible parking for the SV Shopping Center.

Although Plaintiff's Complaint ostensibly concerns only the adequacy of the accessible parking serving the Store, in his moving papers he complains that no accessible parking spaces are located on the shortest accessible path of travel to the businesses east of

3

Bellingham Avenue, including his doctor's office. In his declaration, Plaintiff's expert opines that the additional parking serving the VP Shopping Center is inadequate. In particular, he writes that the accessible parking spaces in the indoor parking structure (the "Parking Structure") adjacent to the Store and immediately in front of the Teletech building, "are not appropriately located given their intended use." (Bishop Decl., ¶ 5).

An ADA plaintiff who has Article III standing as a result of at least one barrier in a place of public accommodation may challenge, in one lawsuit, all of the barriers in that place that are related to his or her specific disability. Doran, 524 F.3d at 1047. Nevertheless, the claims still need to be actually raised in the Complaint. Plaintiff's Complaint does not reference the Parking Structure, access to the businesses east of Bellingham Avenue, or access to any other building besides the Store. It is simply not possible to read Plaintiff's Complaint as having raised this purported violation of the ADAAG. Moreover, even if it had been raised, summary judgment in favor of Defendants would still be appropriate on this point, albeit on the merits and not on the question of standing.

Discussing the additional parking serving the VP Shopping Center, Plaintiff's expert writes:

> The balance of the parking, i.e., the parking that is not reserved for use by customers of Annas Linens[,] is found in the parking structure ... and also in [a] section of the outdoor parking .... According to the signage in the lot, these parking spaces are reserved for use by anyone patronizing the [VP Shopping Center] which is located to the immediate east of the parking .... Unfortunately, there are no accessible parking spaces found in [the section of outdoor parking]. All of the marked accessible parking spaces are found in the parking structure. Under the ADAAG, for facilities that have, "multiple accessible entrances" the adjacent accessible parking spaces "shall be dispersed and located closest to the accessible entrances." See ADAAG, section 4.6.2. Thus, the accessible parking spaces serving the [V.P. Shopping Center] need to be located in the outdoor lot ... on the Bellingham Avenue side of the lot to minimize the distance and travel time to the [VP Shopping Center].

(Bishop Decl. ¶ 9). The text of the regulation referred to by Plaintiff's expert, ADAAG § 4.6.2 reads in part:

> Accessible parking spaces serving a particular building shall be located on the shortest route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.

28 C.F.R. § 36, App. A 4.6.2. With their opposition to Plaintiff's summary judgment motion, Defendants have submitted the Declaration of Mary Propeck stating that Parking

4

Structure is owned by an association, the Valley Plaza Improvement Association, of which Valley Plaza is a member. (Propek Decl. ¶ 6). The Parking Structure is available to customers of Anna's Linens and Teletech, as well as to customers of the other members of the association "including, but not limited to, the approximately five (5) businesses on the other side of Bellingham Avenue." Id. at ¶ 8.

The Parking Structure does not serve "a particular building." Therefore, Plaintiff's expert's declaration - even assuming that Valley Plaza could be required to make any portion of the outdoor parking available to customers of the businesses across the street - does not establish a violation of the ADA. Moreover, Defendants note that whether the businesses east of Bellingham Avenue are compliant with the ADA is irrelevant to the instant action. Valley Plaza does not own the land east of Bellingham Ave., and has no association with Plaintiff's doctor's office (it stops short, though, of disavowing any association with any of the other businesses). Any possible claims against these businesses should have been raised in an amended complaint by Plaintiff or should be the subject of a separate action.

For the foregoing reasons, summary judgment will be granted in favor of Defendants as to Plaintiff's ADA claim. Accordingly, Plaintiff's motion for summary judgment must concomitantly be denied.

### B. Plaintiff's State Law Claims

Allegations of ADA violations as an element of a state claim are insufficient to support federal question jurisdiction. Wander v. Kaus, 304 F.3d 856, 860 (9th Cir. 2002). Rather than arguing the merits of Plaintiff's state law claims in their summary judgment motion, Defendants simply argue that the Court will decline to exercise supplemental jurisdiction over those claims if it dismisses the jurisdiction-conferring ADA claims. The interest of comity, at least, favors an order declining to exercise supplemental jurisdiction. The state court is a more appropriate forum for resolving Plaintiff's state law claims.[3]

Based upon the recommendation to grant Defendants' motion for summary judgment motion as to Plaintiff's ADA claim, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and remand them to state court. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). While Defendants urge the Court to dismiss Plaintiff's claims without prejudice, Plaintiff correctly argues that general policy favors remand over dismissal. Plaintiff indicates that there is some uncertainty regarding the limitations period for Unruh Act/ADA claims, and that he would therefore prefer that the case be remanded.

The state claims will be remanded back to state court.

---

[3] Among other reasons that this is the case, Defendants note that there is a conflict between Ninth Circuit and California law regarding whether a plaintiff seeking damages under the Unruh Act for a violation of the ADA must prove intentional discrimination. This question was recently certified to the California Supreme Court. See Munson v. Del Taco, Inc., 522 F.3d 997, 999 (9th Cir. 2008). The request for certification was granted on June 25, 2008. Munson v. Del Taco, Inc., 2008 Cal. LEXIS 7876 (Cal. June 25, 2008).